IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANKLIN LEON TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO 11-0139-N |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| Of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff filed the instant appeal from the Commissioner's denial of disability benefits. The parties filed a Waiver of Oral Argument (doc. 21) and Consent to Jurisdiction by Magistrate Judge (doc. 22), and the district judge to whom the case had been assigned entered an Order of referral (doc. 23). Upon careful consideration of the administrative record, the written decision of the Administrative Law Judge ("ALJ"), the denial of review by the Appeals Council, and the briefs of the parties (docs. 14, 16, and 19) and all relevant portions of the record, it is ORDERED that this matter be REMANDED to the Commissioner for further proceedings consistent with this opinion.

Scope of Judicial Review

A limited scope of judicial review applies to a denial of Social Security benefits by the Commissioner. Judicial review of the administrative decision addresses three questions: (1) whether the proper legal standards were applied; (2) whether there was substantial evidence to support the findings of fact; and (3) whether the findings of fact resolved the crucial issues. Washington v. Astrue, 558 F.Supp.2d 1287, 1296 (N.D.Ga. 2008); Fields v. Harris, 498 F.Supp. 478, 488 (N.D.Ga. 1980). This Court may not decide the facts anew, reweigh the evidence, or

substitute its judgment for that of the Commissioner. If substantial evidence supports the Commissioner's factual findings and the Commissioner applies the proper legal standards, the Commissioner's findings are conclusive. Lewis v. Callahan, 125 F.3d 1436, 1439-40 (11th Cir. 1997); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987); Hillsman v. Bowen, 804 F.2d 1179, 1180 (11th Cir. 1986); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence" means more than a scintilla, but less than a preponderance.  In other words, "substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be enough to justify a refusal to direct a verdict were the case before a jury. Richardson v. Perales, 402 U.S. 389 (1971); Hillsman, 804 F.2d at 1180; Bloodsworth, 703 F.2d at 1239. "In determining whether substantial evidence exists, [the Court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). Even where there is substantial evidence to the contrary of the ALJ's findings, the ALJ decision will not be overturned where "there is substantially supportive evidence" of the ALJ's decision. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  In contrast, review of the ALJ's application of legal principles is plenary. Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995); Walker, 826 F.2d at 999.

Procedural Background

Plaintiff filed the instant claims for disability insurance benefits and for supplemental security income on April 20, 2009, alleging that he became disabled as of June 1, 2006.[1]  After

---

[1] Plaintiff has filed a prior claim for benefits, which the Commissioner had denied and which is not at issue in this appeal.  However, plaintiff notes that the ALJ's decision on the prior (Continued)

his claims were denied initially, he sought and received a hearing before an ALJ. At the hearing, plaintiff amended his disability onset date to March 4, 2008. Plaintiff alleged the following impairments: kidney problems, back pain, stomach problems, hearing problems in his left ear, HIV, bronchitis/COPD, status post gunshot wound, and mental retardation.[2]

The ALJ entered his unfavorable decision on October 22, 2010. Plaintiff timely sought review from the Appeals Council, which denied review on January 22, 2011; that denial rendered the ALJ's decision the final decision of the Commissioner. The instant appeal was filed on March 24, 2011.

The ALJ determined that plaintiff suffered from the following severe impairments: human immunodeficiency virus ("HIV") and status post gunshot wound. The ALJ specifically found that plaintiff's respiratory difficulties were not severe; the ALJ did not expressly address whether plaintiff's other alleged impairments were or were not severe.

## Issues on Appeal

Plaintiff raises the following claims in this appeal[3]:

---

application, dated December 29, 2008, included a finding that plaintiff had severe impairments including mild mental retardation. Doc. 14 at 57.

[2] In his brief, the Commissioner states that plaintiff alleged only problems with his back and arm. Doc. 19 at 3. Plaintiff asserts (doc. 16 at 1) that he informed the agency interviewer of his mental impairment during the application process, *citing* administrative record (doc. 14) at 344-45, 363. The Commissioner sent plaintiff on a consultive psychological examination with Dr. Lee Stutts on July 28, 2009,(id. at 329-332). The record also contains reports by Dr. Nina Tocci (doc. 14 at 196-99) and Dr. Osea (id at 192-195) consultive psychological examinations in 2006, related to plaintiff's prior claim for benefits. It appears that, whether or not plaintiff initially claimed mild mental retardation as an impairment, that issue was raised and presented to the Commissioner prior to the ALJ's hearing.

[3] In his brief, the Commissioner restates these claims as "(1) not properly assessing all of Plaintiff's alleged impairments; and (2) not performing a proper credibility analysis."

1) The ALJ erred in ignoring the impact of plaintiff's mental impairment and asthma on his functional abilities.

2) The ALJ failed to complete a PRTF and append it to the decision or incorporate its mode of analysis into his findings.

3) The ALJ erred in failing to include a statement concerning plaintiff's pain and its functional effects, and the ALJ's credibility determination violates SSR 97-6p.

<u>Analysis</u>

Plaintiff first argues that the ALJ erred by ignoring plaintiff's asthma and mental impairments in determining his residual functional capacity. Plaintiff's second issue is related to the first; plaintiff argues that the ALJ failed to use a required procedure to evaluate his mental limitations.

With regard to the issues related to plaintiff's claims concerning mental limitations, the Commissioner has established regulations requiring an ALJ to use a particular evaluation technique for claims of mental limitation. *See* 20 C.F.R. § 404.1520a(a). In the case of a "colorable claim of mental impairment, the social security regulations require the ALJ to complete a [Psychiatric Review Technique Form ("PRTF") ] and append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." <u>Moore v. Barnhart</u>, 405 F.3d 1208, 1213-14 (11th Cir. 2005); *see* 20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2). Social Security regulations "require the ALJ to use the 'special technique' dictated by the PRTF for evaluating mental impairments." <u>Moore,</u> 405 F.3d at 1213 (*citing* 20 C.F.R. § 404.1520a(a)); *see* 20 C.F.R. § 416.920a(a). "This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: 'activities of daily living; social functioning; concentration, persistence, or

pace; and episodes of decompensation.' " Moore, 405 F.3d at 1213 (*citing* 20 C.F.R. § 404.1520a(c)(3-4)); 20 C.F.R. § 416.920a(c)(3-4). "The ALJ is required to incorporate the results of this technique into the findings and conclusions." Moore, 405 F.3d at 1213-14 (citing 20 C.F.R. § 404.1520a(e)(2)); 20 C.F.R. § 416.920a(e)(2).

In the instant case, the ALJ failed to use this analytical framework, either in a separate form or by incorporating the required technique into his opinion. In his brief, the Commissioner argues that the ALJ was not required to use the psychiatric review technique form in this case because plaintiff's evidence of mental impairment is inadequate to trigger the ALJ's regulatory duty.

A colorable claim need not be meritorious. In general, a "colorable claim" is one which is not "wholly unsubstantial and frivolous." Bell v. Hood, 327 US 678, 682-83 (1946)("arising under" jurisdiction); Wayte v. U.S., 470 U.S. 598, 623-24 (1985)(in selective prosecution defense, defendant must allege sufficient facts to take question past frivolous state); Jaen-Chavez v. U.S. Atty.Gen., 415 Fed.Appx. 964, 967 (11th Cir. 2011)(*quoting* Arias v. U.S. Atty.Gen., 482 F.3d 1281, 1284 (11th Cir. 2007); "For a constitutional claim to be colorable, the alleged violation need not be substantial, but the claim must have some possible validity.").

Courts applying the requirement that an ALJ use the PRTF framework in relation to Social Security claims of mental impairment have done so consistently with this definition, For example, in Spitler v. Astrue, 2011 WL 4055416, at *14 (M.D.Fla. 2011), the court held that a claimant did not present a colorable claim of mental impairment where her attorney did not raise any mental impairment at the hearing before the ALJ, and the only medical record relating to a mental impairment was submitted for the first time to the Appeals Council. In Martin v. Commissioner of Social. Sec., 2011 WL 3269682, at *4-5 (M.D.Fla. 2011), the court held that

5

the claimant did present a colorable claim of mental impairment where the ALJ stated that claimant had made no claim of depression, but that assertion was factually inaccurate. The court found that plaintiff addressed depression at the hearing and that, even if claimant did not use the term "major depression" in her reports and filings, she did mention symptoms which the court held were "indicative of a depressed mood." The court held on that basis that the ALJ erred in failing to utilize the PRTF analysis.

In the instant case, the court notes that the Commissioner had previously found—in relation to plaintiff's prior application—that plaintiff suffered from mild mental retardation and that his mental impairment from that condition was severe. While such a prior finding is not generally binding on the Commissioner in this second application, and an ALJ is entitled to reach a different conclusion, *see* McKinzie v. Comm'r of Social Security, 362 Fed.Appx. 71, 73 (11th Cir. 2010)(*citing* Reynolds v. Bowen, 844 F.2d 451, 453-54 (7th Cir. 1988), the prior finding is indicative that plaintiff's claim of mental limitation was at least "colorable." As stated by the Eleventh Circuit, "there is a presumption that mental retardation is a condition that remains constant throughout life." Hodges v. Barnhart, 276 F.3d 1265, 1266 (11th Cir. 2001)(rejecting Commissioner's regulation that proof of mental retardation must include evidence that it manifested itself before age 22). As such, school records (McKinzie, at 73) and other historical evidence of low intellectual function remain relevant to a finding of mental retardation. The administrative record in the claimant's second claim contained the ALJ's prior decision and medical records concerning plaintiff's mental retardation from the prior claim, such as the report of two consultive examiners stating that claimant suffered from mild mental retardation. In McKinzie, the Court held that the ALJ was not required to give preclusive effect or defer to findings in a prior application for benefits because such prior application and adjudication

6

concerned a different period of time and thus were "completely irrelevant" to the instant application. Id. at 73 (*quoting* Reynolds v. Bowen, 844 F.2d 451, 453-54 (7th Cir. 1988)). However, with respect to an impairment such as mental retardation which does not wax and wane with the passage of time, the "irrelevance" upon which the McKinzie decision was based, does not clearly apply. "Because there was a previous finding of mental retardation, there is a strong presumption that [the claimant] is still mentally retarded." *See* Hodges v. Barnhart, 276 F.3d 1265, 1266 (11th Cir. 2001) ("[T]here is a presumption that mental retardation is a condition that remains constant throughout life.").The court finds that this continuing relevance is sufficient to raise a presumption that plaintiff presented at least a "colorable claim" of mental retardation, sufficient to require use of the PRTF analysis in evaluating his claim.

Second, presuming *arguendo* that the ALJ could reasonably have made a finding that plaintiff's claim of mental impairment was not colorable, the ALJ in this case did not reach such a conclusion in his written decision. The argument was crafted by counsel after the fact. It is the ALJ's decision in this case which is the final decision of the Commissioner on the plaintiff's claim for benefits. Sims v. Apfel, 530 U.S. 103 (2000).

Third, the Commissioner's claim in his brief, doc. 19 at 12, that "the objective record is void of any probative evidence" of such a mental impairment is contradicted by the record. As noted, the record contains the ALJ's decision from the prior claim, holding that plaintiff's mental retardation was a severe impairment, and consultive examiner's reports from Dr. Osea and Dr. Tocci. Dr. Osea assessed plaintiff as suffering from mental retardation. Doc. 14 at 192-94 (see p. 194, Assessment no. 3.) Dr. Tocci stated that plaintiff did not put forth a strong effort during the test, but opined as to his IQ scores. In addition, the ALJ found, with respect to the report of

Dr. Stutts, that plaintiff's "estimated IQ is in the low average to borderline range." He also stated that "Dr. Stutts diagnosed adjustment disorder with mixed anxiety and depression [sic] mood. Dr. Stutts indicated that the claimant's ability to understand and to carry out and remember instructions is mildly to moderately impaired [and his] ability to respond appropriately to supervision, co-workers and the public is mildly to moderately impaired." It is true that the ALJ noted that Drs. Stutts and Tocci opined that plaintiff was not cooperative, and declined to give their conclusions controlling weight on that basis[4], that is not the same as a claim which is not "colorable" and thus subject to use of the PRTF framework. The fact that the ALJ weighed the evidence and made credibility determinations as to medical opinions concerning claimant's mental impairments does not equate with a finding that plaintiff made no colorable claim.

Accordingly, the undersigned rejects the Commissioner's argument that the ALJ was not required to use the PRTF formulation in addressing plaintiff's mental impairment. It is clear that plaintiff made a "colorable" claim of mental impairment and that, under the Commissioner's regulations and Eleventh Circuit precedent, the PRTF form of analysis was required. Failure to do so mandates remand. Moore, 405 F.3d at 1213-14.

---

[4] The ALJ noted that Dr. Stutts wrote that the exam was performed with poor effort, and that claimant's limitation appear medically related versus psychological. Doc. 14 at 22. "[t]he undersigned gives little weight to Dr. Stutts' assessment that reflects that the claimant's ability to understand and to carry out and remember instructions is mildly to moderately impaired. The claimant's ability to respond appropriately to supervision, co-workers and the public is mildly to moderately impaired. (Exhibit B-10F)." The ALJ also "noted that the claimant's effort with Dr. Stutts was similar to a prior exam at Exhibit B2F [Dr. Tocci]. There is also no record of any mental health treatment, or psychotropic based prescription medicine, during the relevant time period, and as previously noted at Exhibit B13F the State Agency's PhD level clinical psychologist found no evidence of a severe or non-severe impairment (s), and there is nothing contrary within the available evidence of record." Id. If this last statement may be deemed to reflect a finding that the record was devoid of evidence of mental retardation, that finding is not supported by the record, as set forth herein, particularly as this claim concerns a type of mental impairment which has been held to be roughly constant throughout life.

As the undersigned finds that the ALJ erred in failing to use the PRTF analysis, there is no reason to address the plaintiff's related claims concerning sufficiency of the evidence presented previously or sufficiency of the ALJ's analysis of such evidence.

Accordingly, it is ORDERED that this action be REMANDED to the Commissioner for further proceedings consistent with this opinion. On remand, the Commissioner should be required to consider all evidence in the record concerning plaintiff's alleged mental retardation, regardless of when it was produced, and shall address such evidence using the PRTF analytical framework.

DONE this the 7th day of December, 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. ' 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson  
UNITED STATES MAGISTRATE JUDGE